Filed 12/27/23  Eckart v. The Regents of the U. of Cal. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MICHELE ECKART,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant and Appellant. | B322172<br><br>(Los Angeles County Super. Ct. No. 20STCP02884) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Reversed with directions.

Venable, Jean-Paul P. Cart and Harry Libarle for Defendant and Appellant.

Advocacy and Andrew Post for Plaintiff and Respondent.

_____

This appeal involves two policies regarding UCLA's layoff of an employee. One policy is UCLA Procedure 60, a local rule addressing employee layoffs due to lack of funds, lack of work, or reorganization. The second policy is appellant Regents' Personnel and Policies for Staff Members (PPSM) governing the UC system. PPSM-70 limits employee complaints eligible for administrative review, including layoff complaints.

Respondent Michele Eckart was laid off from UCLA's School of Music (SOM) in a departmental reorganization.[1] She filed a PPSM-70 complaint but does *not* claim "violation of the provisions pertaining to notice, order of layoff, recall, preference for reemployment, or severance," the only claims that are allowed by PPSM-70. Instead, she alleges that the SOM failed to prepare a "layoff proposal" under UCLA Procedure 60. This is not eligible for review. The courts cannot rewrite PPSM-70, which has the force and effect of a statute, or expand its scope to encompass Eckart's claim. We reverse the judgment in favor of Eckart and remand with directions to enter judgment for Regents.

## FACTS AND PROCEDURAL HISTORY
### Eckart Is Laid Off at UCLA

Eckart was public events manager at the SOM's theater unit. She was the only person in her job classification. As a career employee at UCLA, Eckart fell within PPSM-60, which governs the process for employee layoffs. UCLA Procedure 60 implements the policy in PPSM-60.

In June 2018, UCLA notified Eckart that her position was being eliminated in a reorganization, effective August 18, 2018. She was offered severance pay, or preference for reemployment. Eckart filed a complaint with UCLA under PPSM-70, which governs challenges to university decisions.

Eckart's complaint alleged that UCLA violated layoff procedures. She requested review of (1) the budgetary and organizational analysis forming the basis of the layoff proposal; (2) the criteria used to generate the layoff order; (3) the data used to calculate the seniority points of employees affected by the layoff; and (4) the degree to which the layoff process complied with PPSM-60 standards.

---

[1] The Regents administer UCLA. (Cal. Const., art. IX, § 9.)

2

**The SOM Rejects Eckart's Complaint**

UCLA's Human Resources department (HR) referred Eckart's complaint to the SOM. Assistant dean of the SOM, Shannon McGarry, rejected the complaint in November 2018. Claiming managerial prerogative to initiate layoffs, McGarry wrote that the SOM performed a year-long analysis and determined that it should eliminate Eckart's position. McGarry's decision was "Step I" of the complaint resolution process.

In January 2019, the dean of the SOM reviewed and denied Eckart's complaint. The dean wrote that a lengthy analysis of the theater unit led to a decision to eliminate Eckart's position. The layoff did not violate any policies. This was "Step II" of the complaint resolution process.

**Eckart Seeks an Administrative Hearing**

Eckart requested review of the decision. After the hearing was repeatedly canceled, she petitioned for a writ of mandate in September 2020, to force UCLA to hold a hearing. In response to the petition, UCLA scheduled an administrative hearing for February 2021.

Eckart asserted that her procedural due process rights were violated by the delay in holding the review hearing; her substantive due process rights were violated by the absence of a layoff proposal or letter of justification; and the elimination of her position in a reorganization was arbitrary and unjustified.

UCLA responded that the delay was not before the hearing officer, it followed proper procedures, and may reorganize operations and lay off employees. The only reviewable issue was whether the layoff violated "provisions pertaining to notice, order of layoff, recall, preference for reemployment, or severance." (Underlining & boldface omitted.) Here, notice was proper, Eckart was not laid off before a less senior employee, and she received the correct severance pay.

**The Administrative Evidentiary Hearing**

The hearing officer considered documentary evidence and heard live testimony at the hearing, which is "Step III" of the administrative process.

UCLA HR employee Sara Haider is familiar with university policies. She testified that the SOM submitted documentation for a proposed layoff.

3

Eckart and Theater Supervisor Corey Frey were laid off from the theater unit at the same time; however, they are not in the same job classification.

Haider stated that departments have authority to decide if a position is necessary based on funding, reorganization, workload, and operational needs. A department completes a "request for order of layoff" listing "what employees are under [a] title code, and . . . the date of hire." A "justification letter" is submitted to HR if a department has multiple people in a title code and plans "to lay off the more senior individual" instead of a more recent hire. If only one person is in a title code, no seniority issues arise, no justification letter is needed, and HR need only calculate severance pay.

Haider opined that Eckart's notice of layoff complied with PPSM-60. Campus procedures allow career employees to be laid off for lack of funds or lack of work, including lack of work due to reorganization. Eckart was offered severance pay based on her seniority and a merit increase. Alternatively, she could choose to be recalled to another position. No letter of justification had to be given because seniority was not at issue.

Assistant Dean McGarry was hired in 2016, when the SOM was formed. She promptly began an organizational assessment, requesting an audit "[b]ecause the finances of the theater unit were a mess" and clarity was needed about income and expenses. Theater Unit Manager Martha Ryder was unable to provide clarification.[2] The audit revealed "significant issues" with theater unit oversight. In 2012 to 2014, the theater unit showed net income; from 2014 to 2017, it lost $82,097.

Based on the audit, the SOM reorganized by eliminating the theater unit. Now, a theater director oversees productions and determines staffing needs; a chief financial officer controls finances; and an operations team handles billing. The theater director has different responsibilities from those done by former Public Events Manager Eckart.

---

[2] Ryder retired before the audit was done. Activities now performed by the SOM were previously divided between the School of Arts and Architecture and the Humanities Division of the College of Letters and Sciences.

4

McGarry testified that the decision to lay off Eckart did not violate seniority rules. Two layoff forms were submitted, one for Eckart and one for Corey Frey because they had different job classifications. Eckart was "the only career employee with her title classification that was laid off." Accordingly, a letter of justification was not required. McGarry was unaware whether the SOM prepared a "layoff proposal" for HR.

McGarry testified that reorganization "vastly improved all of the operations." The SOM was able to cut costs; finances are no longer in disarray; and it better serves students and faculty, who were previously charged fees to hold classes in the theater. Eckart's job performance was irrelevant to the reorganization and layoff decisions.

UCLA Administrative Analyst Dyanna De Alba processes layoff requests and calculates service credits. When she receives a layoff request, she checks to ensure that "everyone in this specific title code under this department code is on the list." In this instance, Eckart was the only career employee on the roster in her particular job classification. Because Eckart had 192 months of service, she was entitled to 16 weeks of severance pay.

Barry Cautivar was director of staff personnel at the SOM in 2018. He signed the order of layoff form to eliminate Eckart's position. No letter of justification was required because the layoff action did not disturb seniority rules. Similarly, no layoff proposal analyzing job performance and disciplinary action was attached because Eckart's layoff was made in order of seniority. Eckart received severance for being laid off; employees terminated for cause do not receive severance.

**The Hearing Officer's Decision**

In 2021, the hearing officer found that UCLA did not violate PPSM-60 or UCLA Procedure 60. The decision states that the hearing officer lacks authority to review the merits of the layoff, which is solely UCLA's managerial responsibility under PPSM-60.

The hearing officer addressed Eckart's claim that UCLA failed to submit to HR under UCLA Procedure 60 a layoff proposal analyzing the effects of a reorganization, the employee's job performance and discipline, the functions performed, and the positions eliminated. The decision states that a layoff proposal must be given to HR, but "nothing indicat[es] that this

5

analysis needs to be given to the impacted employee . . . because the employee is not allowed to challenge the rationale or decision making [*sic*] for the reorganization or its consequences."

An order of layoff form was completed. No justification letter was needed because seniority was not at issue and no justification was required to support the decision to reorganize by eliminating a unit in the SOM. The hearing officer credited the testimony from all the witnesses, who affirmed that the only document UCLA had to provide to Eckart was the "Order of Layoff," which need not include information justifying the reorganization.

**Eckart Seeks Judicial Relief**

Eckart amended her writ petition in 2021 to allege that her administrative remedies were exhausted after a three-year delay. She sought relief for an alleged denial of a fair trial on procedural grounds and because the hearing officer's decision was an abuse of discretion.

Eckart brought a motion for judgment on the petition. She argued that her layoff was arbitrary and capricious because UCLA ignored university protocols and targeted her without justification; her due process rights were infringed by the 30-month delay in securing a review hearing; and the hearing officer failed to consider that UCLA did not prepare a layoff proposal.

**The Trial Court's Ruling**

The court rejected Eckart's procedural due process claim. It found that delays in the review hearing were caused by UCLA, by Eckart's unavailability after she moved to Kentucky, and by the COVID pandemic. The court concluded that Eckart did not show prejudice from the delay.

Next, the court concluded that the hearing officer's findings support his decision that a layoff proposal "does not need to be given to the employee." There was no legal basis for the court to review the merits of layoff decisions, which are solely the university's responsibility. Substantial evidence supports the hearing officer's finding that the layoff was legitimate: Eckart presented no evidence that the layoff was a pretext for corrective action or termination.

The court wrote that the SOM admittedly failed to generate a layoff proposal. It found that UCLA Procedure 60 requires submission of a layoff proposal to HR "in every case, whether a single employee or multiple

6

employees are subject to layoff." The layoff proposal must address the impact of lack of funding or work, or the effects of reorganization; consideration of affected employees' job performance and discipline; and an analysis to determine which essential functions need to be performed and which functions and positions will be eliminated.

The court noted that the SOM wrote a letter to HR stating that " 'a diligent and yearlong process' " analyzed the theater unit was performed, which " 'determined that it needed to eliminate Ms. Eckart's position.' " The court concluded that the hearing officer must decide whether the SOM's letter to HR complied with UCLA Procedure 60.

The court issued a peremptory writ remanding the matter for an evidentiary hearing to determine if the SOM substantially complied with UCLA Procedure 60 "by preparing the equivalent of a Layoff Proposal." If the hearing officer finds substantial compliance, the 2021 administrative decision "shall remain as decided, in favor of [UCLA]." Absent substantial compliance, the hearing officer must set aside the 2021 decision and "decide what remedies [Eckart] must receive" under PPSM-70. The Regents appeal the judgment.

## DISCUSSION

### 1. Standard of Review

On a petition for writ of mandate, the court determines if there was "prejudicial abuse of discretion. Abuse of discretion is established if the [agency] has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (Code Civ. Proc., § 1094.5, subd. (b).)

Our review is the same as that of the trial court. The substantial evidence test applies to factual findings but questions of law are reviewed de novo, including interpretation of statutes or regulations. (*Department of Corrections & Rehabilitation v. State Personnel Bd.* (2015) 238 Cal.App.4th 710, 716–717.) "[T]he ultimate determination of procedural fairness amounts to a question of law." (*Nasha v. City of Los Angeles* (2004) 125 Cal.App.4th 470, 482; *Doe v. Regents of University of California* (2016) 5 Cal.App.5th 1055, 1073.)

7

### 2. Interpretation of the PPSM

As a constitutionally created entity, the Regents " 'have virtual autonomy in self-governance.' " (*Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 889–890.) The Regents' policies and procedures "have the force and effect of statute." (*Kim v. Regents of University of California* (2000) 80 Cal.App.4th 160, 165; *Regents of University of California v. City of Santa Monica* (1978) 77 Cal.App.3d 130, 135 [because the Regents' power to administer the university is virtually exclusive, their regulatory policies are equivalent to state statutes].) We " ' "accord meaning to every word and phrase" ' " in the Regents' policies, giving the language its plain, commonsense meaning. (*Akella v. Regents of University of California* (2021) 61 Cal.App.5th 801, 818.)

### 3. The Policies and Procedures at Issue

#### a. PPSM-60

PPSM-60 covers layoffs of career employees. Its policy is to "minimize the effects of indefinite layoffs" by giving employees opportunities for reassignment, a right to recall, preference for reemployment, and severance pay; employees are entitled to 30 days' advance prior to layoff. PPSM-60 makes layoff decisions "solely" the university's responsibility. (PPSM-60, § III.A.) Nothing in PPSM-60 states that an employee may use its process to contest the university's *need* for layoffs.

#### b. UCLA Procedure 60

The trial court relied on UCLA's Procedure 60, which implements PPSM-60. It authorizes the head of a department to lay off career employees, temporarily or indefinitely, if necessary due to lack of funds or lack of work, "including lack of work due to reorganization." The department submits to HR a "Layoff Proposal" assessing lack of funding, lack of work, or the effects of reorganization and an "Order of Layoff Form" that includes classifications selected for indefinite layoff and lists all affected positions. (UCLA Procedure 60, § C.)

Procedure 60 requires HR to calculate seniority and review the layoff proposal. If there are multiple employees in a job classification and a department intends to lay off a more senior employee, a "Letter of Justification" must document the rationale for retaining employees out of

8

seniority order.  HR must approve or disapprove the proposed layoffs, including retention of any employees out of order of seniority.  Employees are entitled to 30 days advance written notice prior to lay off.  (UCLA Procedure 60, § C.)

### c.  PPSM-70

PPSM-70 covers "Complaint Resolution."  Complaints "*Within the Scope of*" PPSM-70 include management actions that "adversely affected that employee's existing terms and conditions of employment in a material way *and* violated a provision of the [PPSM]." (PPSM-70, § III.B.4.a.ii.)  "*Matters Outside the Scope of*" a PPSM-70 complaint include actions "taken at the 'discretion,' 'sole discretion,' or 'judgment' of the University or its management . . . unless the complaint alleges that the action was taken for discriminatory or retaliatory reasons."  (PPSM-70, § III.B.4.b.iv.)

PPSM-70, section V.E.2.a lists "*Complaints Eligible for Review*."  It reads, "The *only* complaints eligible for review at Step III are complaints that alleged the violation of a policy listed below."  (Italics added.)  Specific to this case is PPSM-70, section V.E.2.a.4, which allows employees to pursue complaints under PPSM-60, "provided that the complaint alleged *violation of the provisions pertaining to notice, order of layoff, recall, preference for reemployment, or severance.*"  (Italics added.)

### 4.  PPSM-70 Does Not Authorize Challenges for Failure to Submit a "Layoff Proposal" to HR

At the administrative hearing and in the trial court, focus was directed at the SOM's alleged failure to submit a "Layoff Proposal" to HR under UCLA Procedure 60.  As we shall see, this focus was misplaced.  We invited the parties to submit letter briefs explaining how PPSM-70 authorizes an employee to challenge a failure to submit a layoff proposal to HR.  We conclude that PPSM-70 does not authorize Eckart's claim.

Eckart is pursuing a complaint under PPSM-70.  PPSM-70 is not "wildly ambiguous," contrary to Eckart's letter brief.  It is straightforward.  It lists the "*only* complaints eligible for review."  For career employees like Eckart, a layoff is eligible for review "*provided that* the complaint alleged violation of the provisions pertaining to notice, order of layoff, recall, preference for reemployment, or severance."  On de novo review, we see no

ambiguity in this language. Notably, the list of provisos does not include "Layoff Proposals" as being eligible for review.

Eckart does not challenge any of the categories listed in PPSM-70, section V.E.2.a.4. She was entitled to 30-days' notice of a layoff and received 60-days' notice. Documents and testimony show the order of layoff was issued and Eckart was the only person in her job classification to be laid off: She was the most senior employee and the least senior one. Recall to employment is not at issue because Eckart chose not to be recalled. It is undisputed that Eckart received severance pay.

PPSM-70 directs the HR director to determine if a complaint is timely and qualifies for review. However, nothing in the record suggests that HR may unilaterally expand the scope of PPSM-70, section V.E.2.a.4 by adding to its list of actions subject to Step III review. On the contrary, UCLA Procedure 70 (implementing PPSM-70) directs that a hearing officer "shall not add to, delete from, or otherwise modify the provisions" of PPSM-70.

Courts defer "to an administrative body's reasonable construction of relevant statutory provisions within its field of expertise." (*Department of Corrections & Rehabilitation v. State Personnel Bd., supra,* 238 Cal.App.4th at p. 717.) Allowing complaints about "layoff proposals" is not a reasonable reading of PPSM-70. It is, instead, an impermissible expansion of PPSM-70's clear limits on matters eligible for review.[3]

Neither the hearing officer nor the courts have authority to rewrite a statute by expanding the scope of a complaint beyond PPSM-70's list of eligible procedural violations. Whether a "layoff proposal" was submitted to HR regarding a reorganization under UCLA Procedure 60 is not a proper subject for an employee complaint. To say otherwise infringes on the SOM's managerial discretion to evaluate its staffing needs.

---

[3] At the Step III hearing, UCLA correctly argued that Eckart's complaint fails because she "failed to prove by a preponderance of the evidence that the University's layoff decision violated the 'provisions pertaining to notice, order of layoff, recall, preference for reemployment, or severance.'" The proper focus identified in UCLA's trial brief was, somehow, lost along the way.

PPSM-60, section III.A addresses managerial discretion.  It reads, **"If, in the judgment of the University**, budgetary or operational considerations make it necessary to curtail operations, reorganize, reduce the hours of the workforce and/or reduce the workforce, staffing levels will be reduced in accordance with this policy.  **It is solely the University's responsibility to determine the need for layoffs**, the classifications of employees to be laid off, and the layoff unit."  (Underlining omitted & first boldface added.)

The managerial discretion language in PPSM-60 fortifies our conclusion that Eckart cannot complain about any possible failure to submit a layoff proposal to HR.  Managerial action "taken at the 'discretion,' 'sole discretion,' or 'judgment' of the University" is not subject to review, unless the complaint alleges that it was the result of discrimination and retaliation.  (PPSM-70, § III.B.4.b.iv.)

The SOM's decision to reorganize and lay off Eckart was solely its responsibility, made in the exercise of its judgment.  No claim is made that the reorganization or layoff was the result of discrimination and retaliation.  Read as a whole, PPSM-60 and PPSM-70 allow Eckart to assert that the SOM did not give adequate notice of layoff, deviated from a seniority list, or failed to offer reemployment or severance pay.  She has no standing to challenge the validity of the reorganization or to single-handedly derail the SOM's operational decisions.

**DISPOSITION**

The judgment is reversed.  The case is remanded with directions to enter judgment in favor of appellant.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.